UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

BARBARA PENCE,                        :
                                      :
                                      :
         Plaintiff,                   :     Civil Action No.: 08-2312 (FLW)
                                      :            **OPINION**
v.                                    :
                                      :
MAYOR AND TOWNSHIP COMMITTEE :
OF BERNARDS TOWNSHIP,                 :
                                      :
         Defendants.                  :
_____        :

**WOLFSON, United States District Judge:**

Presently before the Court is a motion for summary judgment filed by the Mayor and Township Committee of Bernards Township (collectively the "Township") on § 1983 claims brought by Barbara Pence ("Plaintiff"). Plaintiff alleges that the Township violated her constitutional rights under the Due Process Clause of the Fourteenth Amendment when it denied her payment for sick leave accrued during her employment with the Township. The Township moves for summary judgment on the basis that plaintiff does not have a protectable property interest under the Fourteenth Amendment to payment for her accumulated sick leave and therefore has no cause of action under § 1983. On this motion, the Court considers the question of whether Plaintiff's accrued sick leave constitutes a protectable property interest under the Fourteenth Amendment. For the reasons set forth below, the Township's Motion for Summary Judgment is **GRANTED**.

I.      **Statement of Facts and Procedural History**

Because the issue before the Court is one of legal interpretation, and not fact sensitive, the Court will only consider facts relevant to the constitutional question presented. Plaintiff is a former Township Administrator for Bernards Township. Defendant's Statement of Material Facts, ¶ 1. As required by law, N.J.S.A. 40A:15A-7, Plaintiff was enrolled in the New Jersey Public Employee Retirement System (PERS). In November 2003, the Township repealed its personnel policies' ordinance and replaced it with an Employee Handbook. Id. at ¶¶ 6, 10. Plaintiff received a copy of the Handbook, which contains a Retirement Plan provision which specifies all state employees must be enrolled in PERS under state law. Exhibit C to the Certification of Arthur Thibault. The Handbook also contains a provision regarding the payment of accumulated but unused sick time at retirement, referred to as the Incentive Payment upon Retirement policy. Id., Defendant's Statement of Facts at ¶¶ 11-12. The policy provides that when an employee retires the "Township will make a cash payment of 50% of all sick leave earned…less the amount taken…that the employee may have received at time of hire." Id. at ¶ 13. The policy provides that these cash payments are available upon retirement, which is defined as Retirement from PERS. Id. at ¶ 27. An employee must have a minimum of 10 years of public employment to vest in the state pension system, pursuant to N.J.S.A. 43:15A-38, and may retire based on age once the employee has reached the age of 60, pursuant to N.J.S.A. 43:15A-47.[1]

Plaintiff resigned from her position as Township Administrator in December 2004, at age 53, after ten years of employment with the Township. At the time of her resignation, Plaintiff was informed by Township Human Resources that she would be receiving payment for her unused sick time when she turned 60 and retired from PERS. Exhibit G to Thibault

---

[1] A state employee may retire from PERS at age 60 with any number of years of service, N.J.A.C. 17:2-6.12, may retire early if the employee has 25 years of service, or may file for disability retirement, N.J.A.C. 17:2-6.7.

2

Certification. However, in July 2006, the Township notified Plaintiff that she would not be receiving any payment for unused sick time when she turns 60 in the year 2011 because she was ineligible for retirement when she left the Township in 2004. Id. at ¶ 29. The Township also stated that it never agreed to or authorized a deviation from its policy and Plaintiff was informed in error, without the authority from the Township Committee, that she would be entitled to payment. Exhibit H to Thibault Certification. Plaintiff subsequently retained an attorney and submitted a letter to the Township Committee stating that she was entitled to incentive payment. Id. at ¶¶ 32-33. The Township reviewed Plaintiff's submission and notified Plaintiff on May 9, 2007, that it had considered her position, but determined that she was ineligible pursuant to Township policy. Id. at ¶33.

On May 14, 2008, Plaintiff filed a one-count Complaint under 42 U.S.C. § 1983, alleging that the Township deprived her of her constitutional rights and due process of law in violation of the Fourteenth Amendment when it denied her the payment of her accumulated sick leave.[2] Id. at ¶ 36. Plaintiff argues that she has a vested property right in such payment, as created by the Township's Incentive Payment Plan, which cannot be taken away without due process of law. Id. at ¶ 37. In its motion for summary judgment, the Township argues that Plaintiff's § 1983 claim fails as a matter of law because payment for her accrued sick leave does not constitute a protectable property interest under the Fourteenth Amendment. In the alternative, the Township argues that even if Plaintiff had a protectable interest, she was afforded due process when the Township Committee reviewed her letter submission and further contends that Plaintiff was never entitled to payment because she was not eligible for retirement when she left the Township.

---

[2] Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff also seeks a declaratory judgment that the Township violated Plaintiff's constitutional rights.

3

Because the Court finds, for the reasons stated infra, Plaintiff is not constitutionally entitled to the payment of accrued sick leave, the Court does not consider any other issues raised by the Township. Furthermore, the Court does not consider or comment on the viability of any potential state law contracts claims that Plaintiff has not elected not to assert in this action.

**II.    Standard of Review**

Summary judgment is appropriate where there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). In reviewing a motion for summary judgment, the facts, and all inferences drawn from them, should be viewed in the light most favorable to the non-moving party and the burden for establishing that no genuine issue exists is on the party moving for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). To overcome a motion for summary judgment, the non-moving party cannot rely on "mere allegations or denials" but must provide "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir.2006); See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001). Where the non-moving party fails to make a sufficient showing of an element essential to the case on which she bears the burden of proof, the moving party is entitled to judgment as a matter of law. Celotex, 477 U.S. at 323.

**III.    Discussion**

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  The Clause has both a procedural and substantive component; it governs the procedures by which a State may deprive persons of liberty and property and bars "certain government actions regardless of the fairness of the procedures used to implement them."  Planned Parenthood v. Casey, 505 U.S. 833, 846 (1992); Daniels v. Williams, 474 U.S. 327, 331 (1986); Nicholas v. Pa. State Univ., 227 F.3d 133, 138-139 (3d. Cir. 2000).

Procedural Due Process

In order to state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law'."  Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006).  Here, Plaintiff has alleged a property interest in the money owed to her for her accumulated sick leave.

Property interests are not created by the Constitution, but are created and defined by "existing rules or understandings that stem from an independent source such as state law."  Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972).  "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it…He must, instead, have a legitimate claim of entitlement to it."  Id.  State created property interests, including some contract rights, implicate the protection of the procedural aspect of the due process clause.  Reich v. Beharry, 883 F.2d 239, 243 (3d Cir. 1989); Nicholas v. Pa. State Univ., 227 F.3d at 140.  However, federal constitutional law, and not state law, determines whether those interests rise to the level

5

of a "legitimate claim of entitlement" protected by the Fourteenth Amendment. Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 9 (1978) (citations omitted).

A "legitimate claim of entitlement" under the Fourteenth Amendment is not so expansive as to include all contracts between individuals and a state. S&D Maintenance Co., Inc., v. Goldin, 844 F.2d 962, 966 (2d Cir. 1988). If it were, federal courts would be asked to examine the procedural fairness of every action by a state allegedly in breach of a contract, shifting the "whole of the public law of the states into the federal courts." Id. (citations omitted). Only certain contracts create property rights entitled to protection under the Fourteenth Amendment. Unger v. Nat'l Residents Matching Program, 928 F.2d 1392 (3d Cir. 1991); See, also, S&D Maintenance, 844 F.2d 965-67 ("the doctrinal implications of constitutionalizing all public contract rights would raise substantial concerns, and we seriously doubt that *Roth* and its progeny portend such a result."); Bleeker v. Dukakis, 665 F.2d 401, 403 (1st Cir. 1981) ("a mere breach of contractual right is not a deprivation of property without constitutional due process of law…Otherwise, virtually every controversy involving an alleged breach of contract by a government or a governmental institution or agency or instrumentality would be a constitutional case."); Boucvalt v. Board of Comm'rs, 798 F.2d 722, 729-30 (5th Cir. 1986) (noting it is "unrealistic and contrary to common sense" that a due process hearing is required "before any pubic agency can ever terminate or breach a contract."); San Bernardino Physicians' Servs. Med. Group v. County of San Bernardino, 825 F.2d 140, 1408 (9th Cir. 1987) (recognizing that "not every interference with contractual expectations" gives rise to a claim under §1983); and Yatkin v. Madison Metro. Sch. Dist., 840 F.2d 412 (7th Cir. 1988) (finding that the Due Process Clause does not "entitle a person to a federal remedy for every breach of contract by a state or federal agency" and that it is necessary to distinguish between "mere" contract rights and property

rights). Therefore, it is well established that "not every state contract gives rise to a property interest protected under the Fourteenth Amendment, and the court's role is "to draw the line of demarcation between contracts creating protectable rights and those that do not." Skowronek v. Borough of Avonmore, No. 07-689, 2007 U.S. Dist. LEXIS 65414, at *5 (W.D. Pa. Sept. 5, 2007) (citing Piekutowski v. Twp. of Plains, No. 05-5207, 2006 U.S. Dist. LEXIS 82012, at *4 (M.D. Pa. Nov. 9, 2006)).

The Third Circuit has recognized two general types of contracts which create protected property interests under the Fourteenth Amendment. Unger, 928 F.2d 1392; Baraka v. McGreevey, 481 F.3d. 187, 207 (3d Cir. 2007). The first type arises where the contract confers a protected status such as those "characterized by a quality of either extreme dependence in the case of welfare benefits, or permanence in the case of tenure, or sometimes both, as frequently occurs in the case of social security benefits." Id. (citing S&D Maintenance, 844 F.2d at 967); see also Yatkin, 840 F.2d 412 (noting that a "tenured professor in a public university has a Fourteenth Amendment property right in his job; the right is created by his tenure contract with the university.) The second type is where the "contract itself includes a provision that the state entity can terminate the contract only for cause." Unger, 928 F.2d at 1399; see also S&D Maintenance, 844 F.2d at 967; Cleveland Bd. Of Educ. v. Loudermill, 470 U.S. 532, 538-39 (1985) (for-cause termination provision created a property right).

In the instant case, Plaintiff argues that she has a constitutionally protected property interest in the monies allegedly owed from her accrued sick leave. In support of this contention, Plaintiff makes a series of arguments relating to New Jersey statutory schemes and the distinction between municipal action by ordinance and municipal action by resolution.[3] Plaintiff

---

[3] Plaintiff makes an additional argument as to insufficient process, however such an argument is only relevant if Plaintiff has a protectable property interest. Because the Court does not find that Plaintiff has a constitutionally

fails to cite any authority relating to § 1983 claims relevant to property interests. Instead, she relies on cases that are inapposite to the issue at hand and do not lend support to Plaintiff's constitutional claims. Each of her arguments will be discussed below.

First, Plaintiff contends that her accrued sick leave is a constitutionally protectable property interest because her position as Township Administrator, and compensation for that position, was created and defined by state law.[4] Plaintiff contends that as part of her compensation, established under N.J.S.A. 40A:9-136, the Township adopted a sick leave policy, which Plaintiff contends created a vested interest once she completed her tenth year of employment for the Township. From that connection, Plaintiff draws the conclusion that because her position was created by statute, and the retirement policy was established as part of her compensation for that position, her sick leave is a constitutionally protectable property interest. However, the language of N.J.S.A. 40A:9-136 establishes only the general authority for a municipality to create Plaintiff's position. Indeed, the section provides that a municipality "may create the office of municipal administrator." It is clear from the plain language, that the statute does not confer a property interest in employment as "municipal administrator," but only establishes the authority for a Township to create the position if it so chooses. This Court found no New Jersey precedent discussing N.J.S.A. 40A:9-136 as conferring any type of property interest to those employees who fill the role of "municipal administrator," and Plaintiff offers no authority to support such a conclusion. Furthermore, the Township's sick leave policy was not

---

protectable interest, see infra, the Court does not address Plaintiff's arguments as to the sufficiency of the process afforded to her by the Township.

[4] N.J.S.A. 40A:9-136 authorizes the position of Township Administrator and provides that the "governing body of any municipality, by ordinance, may create the office of municipal administrator and delegate to him all or a portion of the executive responsibilities of the municipality." The administrator "shall receive such compensation as the ordinance creating such office shall provide and as from time to time may otherwise be directed by the governing body ordinance." N.J.S.A. 40A:9-136.

established by statute, rather it is part of the Township's personnel policies provided in its Employee Handbook and is applicable to all employees of the Township, and is not specifically directed to the position of Township Administrator. In fact, N.J.S.A. 40A:9-136 only provides that compensation for Township Administrator shall be established by ordinance and does not address employee benefits.[5] Clearly, based on the statutory language, the Township's sick leave policy is not created by N.J.S.A. 40A:9-136. Therefore, this Court holds that the Township did not create a protectable property interest in Plaintiff's employment by choosing to establish the position of Township Administrator, and clearly did not create a protectable interest in the unused sick leave Plaintiff accumulated under the Township's policy.

Next, Plaintiff expands on her foregoing statutory argument by making the unsupported contention that the Township's sick leave policy cannot be changed by resolution but must be changed by ordinance. Specifically, Plaintiff argues that since the Township enacted the sick leave policy by ordinance, it cannot retroactively modify Plaintiff's compensation without enacting an ordinance to that effect. In other words, the Township's decision to deny Plaintiff pay for sick leave, effectively amends the policy as it is written in the Employee Handbook, which Plaintiff argues is an amendment that must be accomplished through ordinance. For support, Plaintiff relies primarily on Reuter v. Fort Lee, 328 N.J.Super.547 (App. Div. 2000).

---

[5] N.J.S.A. 40A:9-165 provides that salaries, wages or compensation are to be fixed by ordinance. The words "salary," "wages," and "compensation" have been used and understood as synonymous by New Jersey courts. In McCurrie, infra, cited to by Plaintiff, the court noted that the word "salary" is "commonly defined as meaning an "agreed compensation for services," and that "this view of "salary" comports with the "common-law principle that a public officer who renders no service is not entitled to prevail in an action for compensation." McCurrie, 334 N.J. Super. at 478; Kelty v. State, Dept. of Law and Pub. Safety, Div. of State Police, 321 N.J. Super. 84, 90 (App. Div. 1999). Because N.J.S.A. 40A:9-136 only sets forth the general authority to create the position of township administrator, the interpretation of the word "compensation" as it is used in that statute is limited to the general understanding of "payment for services rendered." In that regard, the statute specifically provides that compensation will be determined and set by the ordinance creating such position. Therefore, Plaintiff's argument that she has a statutorily created right to her accumulated sick leave as compensation, established by N.J.S.A. 40A:9-136, is without merit.

9

There, the court held that a municipality's ordinance, which left to the mayor and township council the ability to create and fill the structure of the police department by resolution, was inconsistent with N.J.S.A. 40A:14-118. That statute required the municipality to create a police force by ordinance which had to establish the "line of authority" of the department. The New Jersey Supreme Court subsequently affirmed the Appellate Division's findings that establishing the police positions "by ordinance is consistent with the significance of those positions and their importance to the public," and that "the continuing budgetary implications of the creation of police positions warrant the formality of an ordinance." Reuter v. Borough Council, 167 N.J. 38, 41 (2001).

Plaintiff also points to other cases addressing various New Jersey statutes as support for her conclusion that the Township should have enacted an ordinance when it decided to deny her pay for sick leave. For example, Plaintiff also cites to Caponegro v. State Operated School District of Newark, 330 N.J. Super. 148 (App. Div. 2000) where the court held that a terminated school district employee's contractual right to payment on termination for accumulated vacation and sick days was not abrogated by N.J.S.A. 18A:7A-44a, a statute which governs the abolition of school administrative positions. Plaintiff also cites to McCurrie v. Town of Kearney, 344 N.J.Super. 470 (App. Div. 2001), rev'd in part, 174 N.J. 523 (2002), where the appellate court found that a payment made to the town clerk constituted a contract to sever his employment relationship with the township, and was not a salary modification in violation of N.J.S.A. 40A:-165. N.J.S.A. 40A:9-164 requires that the salary schedule for municipal officers be adopted by ordinance. However, none of these cases concern a § 1983 claim for employment benefits, nor do they support Plaintiff's proposition that payment for accumulated sick leave is a

constitutionally protected property interest. They each address statutory and contractual issues unrelated to the nature of Plaintiff's claim.

Furthermore, it appears from the record that the Township's sick leave policy was not established by ordinance, but was established as part of the Township's personnel policies contained in its Employee Handbook, which as a whole was adopted by the Township through a resolution. Exhibit A to Thibault Cert., Deposition of Barbara Pence, page 33-34. Plaintiff acknowledges this fact in her deposition, and nowhere does Plaintiff dispute the Handbook's validity. Id.; Defendant's Statements of Material Facts, ¶ 8. Even assuming the Township's sick leave policy must be modified by ordinance, the Township's denial of payment for Plaintiff's accrued sick leave does not constitute a change to the policy, as Plaintiff characterizes it. Instead, the Township's denial of her benefits was based on its assessment of her eligibility for such payment, and Plaintiff disagrees with that assessment.[6] Nevertheless, any requirement that the Township's decision be made through ordinance would have no bearing on whether Plaintiff's accrued sick leave qualifies as a protectable property interest under the Fourteenth Amendment. Plaintiff offers no argument, nor cites to any authority, explaining how a requirement that the Township act through ordinance creates a constitutionally protectable property interest in accrued sick leave. Rather, Plaintiff seems to be making an argument for lack of adequate process, as she points out that passing an ordinance is "distinctly legislative" and requires notice to the public. This is irrelevant to whether Plaintiff has a constitutionally protectable property interest.

Third, Plaintiff cites to N.J.S.A. 40A:9-10.2, which states in part:

---

[6] The Court does not, however, comment on the merits of whether the Township's interpretation of the relevant statutes implicated in this case in its interpretation of Plaintiff's entitlement to payment for her accrued sick leave, or the Employee Handbook, is correct.

11

> "Notwithstanding any law, rule or regulation to the contrary, a political subdivision of the State…shall not pay supplemental compensation to any officer or employee for accumulated unused sick leave in an amount in excess of $15,000, except that an officer or employee who (1) on the effective date of P.L.2007, c.92 (C.43:15C-1 et al.)…has accrued supplemental compensation based upon accumulated unused sick leave shall, upon retirement, be eligible to receive for any unused leave not more than the amount so accumulated or not more than $ 15,000, whichever is greater."

Plaintiff argues that the clear intent of the Legislature was to prospectively limit payments for accumulated sick leave for government employees and that the statute "unambiguously recognizes that there were vested interests for prior accumulated sick leave that could not be changed adverse to the employees interest."  Plaintiff's Opposition, page 19.  In support of this argument, Plaintiff relies on New Jersey Ass'n of Sch. Bus. Officials v. Lucille E. Davy, Comm'r, New Jersey Dep't of Educ., 409 N.J.Super. 467 (App. Div. 2009).  At issue in Davy was the validity of regulations adopted by the Commissioner of the New Jersey Department of Education which set standards for payments in lieu of unused sick and vacation leave to school district business administrators, N.J.A.C. 6A:23A-3.1(e)(6)-(8), and which conditioned a school district's receipt of state aid on its adoption of a certain nepotism policy, N.J.A.C. 6A:23A-6.2. Id. at 467.  The Association argued that the Commissioner exceeded the authority delegated by the legislature and adopted regulations inconsistent with the enabling acts and in conflict with other statutes addressing compensation and nepotism.  Id.  The court upheld the regulations finding that they were not inconsistent with statutory law and were within the powers "expressly granted" to the Commissioner.  Id.

Plaintiff claims that Davy, coupled with N.J.S.A. 40A:9-10.2, demonstrates that New Jersey law "mandates that sick leave benefits paid after retirement are a vested property right under State law that cannot be changed retroactively."   Plaintiff's Opposition, page 21.  However, Davy does not stand for such a proposition.  Rather, the court explained that the state

12

legislature authorized the Commissioner to "adopt standards prospectively limiting the award of excessive benefits to school administrators, while preserving the administrators' rights to collect payments for prior unused leave acquired under prior contracts." Davy, 409 N.J.Super. at 490. Therefore, the prospective nature of the limitations in Davy were designed to protect vested contractual rights to accrued benefits, and not constitutionally protected interests. In fact, Davy does not raise any Fourteenth Amendment issues. Plaintiff's reliance on Davy is therefore misplaced because the decision deals only with contractual rights to accrued employment benefits. Plaintiff's citation to N.J.S.A. 40A:9-10.2 is similarly misplaced since the statute makes no mention of constitutionally protected property rights, nor has it been interpreted in that respect. A statute's prospective limitation of accrued benefits does not suggest the existence of a constitutionally protected property right, and certainly does not serve as a basis for a § 1983 claim.[7]

Contrary to the arguments Plaintiff advances, the employment benefits – accrued sick leave -- in this case are not property interests protected by the due process safeguards of the Fourteenth Amendment, and do not fall within the two categories of contractual rights articulated by the Third Circuit in Unger. Recent district court cases from this circuit, not mentioned by

---

[7] It bears noting that Plaintiff's only argument as to PERS is her contention that she met the requirements for a PERS pension since she completed the minimum 10 years of service needed to vest in the pension plan. Plaintiff argues that, because she vested in the pension plan, she was entitled to payment under the Township's Incentive Payment upon Retirement Plan. Plaintiff also contends that her retirement is a deferred retirement under PERS which she states is available to employees who have at least 10 years of service credit and are not yet 60 years of age when they end their employment. Even assuming Plaintiff is on a deferred retirement plan, that fact alone has no bearing on whether her accrued sick leave under the Township's retirement policy is a protectable property interest under the Fourteenth Amendment. Any question as to what constitutes "retirement" under PERS for purposes of eligibility under the Township's own retirement policy is not relevant to the question of whether Plaintiff's accrued sick leave is entitled to due process protection. Furthermore, Plaintiff sets forth no argument, other than the fact that she vested in PERS, to explain how her enrollment in PERS creates a constitutionally protected interest in her accrued sick leave under the Township's own retirement policy. Instead, Plaintiff's Fourteenth Amendment arguments are limited to her discussion of New Jersey statutory schemes and the resolution/ordinance distinction described, supra, that have no bearing on PERS or § 1983.

Plaintiff, have rejected § 1983 claims based on money owed for accrued sick leave. These cases are consistent with Third Circuit precedent on the issue of constitutionally protectable property rights, and they are factually analogous to this case.

First, in Piekutowski, the plaintiff brought a claim under § 1983 alleging that the defendant township's failure to pay him the value of his accumulated sick leave violated his procedural and substantive due process rights. Piekutowski, 2006 U.S. Dist. LEXIS 82012 at *1. The district court dismissed the plaintiff's § 1983 claim finding that the plaintiff's complaint "raises nothing more than an ordinary breach of contract claim." Id. at *17. The court found that the plaintiff's accumulated sick leave did not fit into either category articulated by the Third Circuit in Unger as the accumulated sick leave "lacks the permanence of tenured employment" and does not resemble welfare benefits, which qualified recipients depend on for day-to-day survival. Id. at *16-17. Similarly, in Skowronek, the plaintiff brought a § 1983 claim against the defendant borough claiming that the defendant failed to pay her compensation for accrued sick, vacation, and personal time. Skowronek, 2007 U.S. Dist. LEXIS 65414 at *1. The district court dismissed the plaintiff's claim holding that "employment benefits, such as sick leave, are not property interests protected by the due process safeguards of the Fourteenth Amendment" and that the plaintiff's "alleged contractual right" to receive payment does not fall within either category of contractual rights articulated by the Third Circuit. Id. at *6. Therefore, the plaintiff could not demonstrate a constitutionally protected property interest to support her due process claim, even if the plaintiff was contractually entitled to receive the payment she sought. Id. at *5. Finally, in Seacrist v. Skrepenak, No. 07-2116, 2009 U.S. Dist. LEXIS 29309 (M.D. Pa. Apr. 6, 2009), the court dismissed the plaintiff's due process claims arising out of the defendant's failure to grant the plaintiff a severance payment pursuant to the terms of an early

14

retirement plan offered to employees. Seacrist, 2009 U.S. Dist. LEXIS 29309 at *1. The court found that the Plaintiff's asserted right to receive payment did not fall into either category of contract right receiving constitutional protection. Specifically, the plaintiff did not show a "protected status characterized by extreme [dependence] or permanence" nor did she show that the terms of the severance agreement limited the defendant's ability to terminate the agreement only for cause. Id. at *14-15.

The decisions in Skowronek, Piekutowski, and Seacrist are helpful in the instant matter. Similar to the benefits sought in those cases, here, Plaintiff's asserted right does not fall into either category articulated by the Third Circuit. First, Plaintiff's employment with the Township did not confer upon Plaintiff a status of dependence or permanence unlike tenured employees. Indeed, as discussed previously, the language of N.J.S.A. 40A:9-136 did not confer on Plaintiff a permanent interest in her employment similar to tenure, but only established the authority for the Township to create an at-will position, and Plaintiff had no further employment agreement with the Township which affected the nature of her employment. While Plaintiff did receive a copy of the Employee Handbook, the receipt of the Handbook in no way conferred upon her a status of permanence. In fact, the Employee Handbook reserved the right for the Township to "revise, add to, or delete any policies or portion" of the Handbook as the Township deems appropriate, see Exhibit C to Thibault., and it simply outlined the Township's policies which were either renewed or modified by resolution at annual meetings held by the Township Committee. Defendant's Statement of Material Facts ¶¶ 6-10. Second, Plaintiff's employment with the Township was not predicated on an agreement that contained a "for cause" provision, and such a provision would have no bearing on Plaintiff's entitlement to pay for sick leave as it would only be relevant if Plaintiff was alleging wrongful termination.

In sum, Plaintiff fails to cite to any cases concerning § 1983 claims for employment benefits, or any precedent which supports Plaintiff's proposition that her claim for payment for accumulated sick leave is a constitutionally protected property interest. Rather, Plaintiff cites, and quotes at length, cases that address municipal employment disputes unrelated to § 1983 and which concern the resolution/ordinance distinction on which Plaintiff mistakenly relies. Even assuming that Plaintiff was eligible for payment for accumulated sick leave and that New Jersey law requires the Township's retirement policy to be modified by ordinance, neither fact would elevate the right to receive payment for sick leave under the policy to a constitutionally protectable property interest. The Third Circuit has clearly held that only certain contractual rights are protectable property under the Due Process Clause of the Fourteenth Amendment and Plaintiff's argument fails to bridge the gap between what she contends New Jersey law requires and her conclusion that Plaintiff's accrued sick leave is one of the few types of interests which qualifies as a protectable property interest.

Furthermore, assuming Plaintiff had a contractual right to payment for her accrued sick time, the Township's refusal to pay the monies owed creates nothing more than a state law breach of contract claim and does not provide a basis for a § 1983 claim. The Township's alleged interference with Plaintiff's interest in her accrued sick leave "is an interest that can be and should be redressed by a state breach of contract action and not by a federal action under section 1983." Ramsey v. Bd. of Educ., 844 F.2d 1268, 1274-1275 (6th Cir. 1988). It is "neither workable nor within the intent of section 1983 to convert every breach of contract claim against a state into a federal claim." San Bernardino, 825 F.2d at 1408. In other words, to allow a simple breach of contract to serve as the foundation for a § 1983 claim would subject all breach of contract claims involving a state actor to due process review.

Accordingly, the Court holds that Plaintiff's § 1983 claim based on procedural due process is dismissed because Plaintiff does not have a protectable property interest in accrued sick leave.

Substantive Due Process

In order for a property interest to be protected under substantive due process it must be fundamental under the United States Constitution. Hill, 455 F.3d at 235. Therefore, in contrast to procedural due process, property rights for purposes of substantive due process are created by the Constitution itself and not external sources such as state law. Id. To prevail on a substantive due process claim, a plaintiff must establish as a threshold matter that she has a protected property interest to which the Fourteenth Amendment's due process protection applies. Id. If the plaintiff can establish a protected property interest then "substantive due process protects the plaintiff from arbitrary or irrational deprivation, regardless of the adequacy of procedures used." Nicholas, 227 F.3d at 142. However, the history of substantive due process "counsels caution and restraint" and "each new claim to substantive due process protection must be considered against a background of Constitutional purposes, as they have been rationally perceived and historically developed." Regents of the University of Michigan v. Ewing, 474 U.S. 214, 229 (1985) (citations and internal brackets omitted).

The Third Circuit has made explicit the requirement that a property interest must be constitutionally "fundamental" in order to implicate substantive due process. See Mauriello v. University of Medicine & Dentistry of New Jersey, 781 F.2d 46, 50 (3d Cir. 1986) (a graduate student's interest in continued academic enrollment "bore little resemblance to the fundamental interests that previously had been viewed as implicitly protected by the Constitution"); Independent Enterprises Inc. v. Pittsburgh Water & Sewer Authority, 103 F.3d 1165, 1179-80

(3d Cir. 1997) (low bidder's entitlement to state contract is "not the sort of 'fundamental' interest entitled to the protection of substantive due process"); and Nicholas, 227 F.3d at 142 ("If the interest is not 'fundamental,' however, the governmental action is entirely outside the ambit of substantive due process and will be upheld so long as the state satisfies the requirements of procedural due process").

In Nicholas, the Third Circuit found that employment rights are not entitled to substantive due process protection, noting that it views "public employment as more closely analogous to those state-created property interests that this Court has [previously] deemed unworthy of substantive due process." Nicholas, 227 F.3d at 143. This approach to employment rights in the area of substantive due process is in accord with that taken by the majority of the circuits. See e.g., McKinney v. Pate, 20 F.3d 1550, 1560 (11th Cir. 1994) (en banc) ("employment rights are state-created rights and are not 'fundamental' rights created by the Constitution"); Kauth v. Hartford Ins. Co. of Illinois, 852 F.2d 951, 958 (7th Cir. 1988) ("in cases where the plaintiff complains that he has been unreasonably deprived of a state-created property interest…the plaintiff has not stated a substantive due process claim"); Sutton v. Cleveland Bd. of Educ., 958 F.2d 1339, 1350 (6th Cir. 1992) ("plaintiffs' state-created right to tenured employment lacks substantive due process protection"); Huang v. Board of Governors of Univ. of North Carolina, 902 F.2d 1134, 1142 n. 10 (4th Cir. 1990) (professor's interest in position in university department is "essentially a state law contract right, not a fundamental interest embodied in the Constitution."); Local 342, Long Island Public Serv. Employees v. Town Bd. of Huntington, 31 F.3d 1191, 1196 (2d Cir. 1994) ("we do not think, [however], that simple, state law contractual rights, without more, are worthy of substantive due process protection"); see also McGovern v. City of Jersey City, No. 98-5186, 2005 U.S. Dist. LEXIS 38644 (D. N.J. Jan. 6, 2006) (claims

for wage parity, overtime, pension, promotion and denial of transfer requests do not fall within scope of property afforded due process protection).

It is clear from the wealth of precedent in this circuit and others that an interest in employment benefits is not sufficiently fundamental to warrant substantive due process protection. Plaintiff's interest in payment for her accrued sick leave is not an interest created by the Constitution but is one that has its origins in state law. As the Court stated in its analysis of Plaintiff's procedural due process claim, Plaintiff seems, at most, to have asserted a contractual right to payment for her accrued sick leave, and not a valid constitutional claim under § 1983.

Accordingly, this Court holds that Plaintiff's interest in the monies allegedly owed for her accumulated sick leave is not "fundamental" under the Constitution and therefore Plaintiff's § 1983 claim also fails in this respect.

**IV.     Conclusion**

For the reasons set forth above Defendant's Motion for Summary Judgment is **GRANTED**.

DATED:  July 21, 2010                                        /s/ Freda L. Wolfson
                                                             Freda L. Wolfson, U.S.D.J.