*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
BARBARA PENCE,                           :
                                         :
                                         :
         Plaintiff,                      :      Civil Action No.: 08-2312 (FLW)
                                         :
v.                                       :
MAYOR AND TOWNSHIP COMMITTEE :                  OPINION
OF BERNARDS TOWNSHIP,                    :
                                         :
         Defendants.                     :
_____      :

**WOLFSON, District Judge**:

In this present matter, Plaintiff moves for reconsideration, pursuant to L. Civ. R. 7.1(i) and Fed. R. Civ. P. 15 and 60(b)(1), of the Court's Order dated July 21, 2010, wherein the Court granted the motion for summary judgment of Defendant Mayor and Township Committee of Bernards Township (collectively, "Defendants") and dismissed Plaintiff Barbara Pence's ("Plaintiff") one-count complaint. In that decision, the Court considered the question of whether Plaintiff's accrued sick leave constituted a protectable property interest under the Fourteenth Amendment. This Court held that Defendant's sick leave was not entitled to the protection of the Constitution, and therefore, granted summary judgment in favor of Defendants on Plaintiff's 42 U.S.C. § 1983 claim. Importantly, however, the Court advised that to the extent Plaintiff may have a proper cause of action against Defendants for refusing to pay her accrued sick leave, this failure creates nothing more than a state law breach of contract claim and does not provide a basis for a § 1983 violation.

Following granting of the motion and dismissal of this case, Plaintiff now argues that the Court should reconsider its July 21, 2010 Order because her counsel's failure to amend the Complaint to include a state law claim of breach of contract constitutes excusable neglect. In response, Defendants argue that there is no basis under the Federal Rules to relieve Plaintiff of the final judgment issued by this Court.

Plaintiff first sought leave to amend her Complaint to assert a breach contract claim by consent of the parties on January 21, 2010; the Magistrate Judge granted that relief in an Order dated January 28, 2010 ("Order"). The Order directed Plaintiff to file the amended complaint within ten days. Despite this, Plaintiff never filed the complaint, nor did she ever seek additional time from the Court to do so. Plaintiff urges that this failure was due to the excusable neglect of her Counsel; specifically, Plaintiff submits that her counsel mistakenly did not file the amended complaint because he was involved in a car accident near the time the Order was issued. In that connection, Plaintiff's counsel explains that he was involved in a car accident on January 26, 2010, from which he suffered injury to his left foot. Certification of Stephen E. Klausner ¶ 6. Due to this injury, counsel was away from his office for more than a week, and therefore did not see the Magistrate Judge's Order when it was received at his office. Id. at ¶¶ 78. Counsel further explains that the Order had been "inadvertently clipped" to another document and that he "did not know . . . that Magistrate Judge [] had granted his request to file the amended complaint." Id. In fact, counsel concedes that he only found the Order "by accident" after this Court granted Defendant's Motion for Summary Judgment on July 21, 2010. Id. ¶ 9.

Counsel argues that the "manifest injustice" suffered by Plaintiff due to his neglect can be cured "by modifying the Order granting summary judgment" and allowing Plaintiff to "file and serve the first amended complaint." Id. at ¶ 11. Counsel further asserts that Defendants cannot be

prejudiced by the Court granting such relief because Defendants "knew the issue of breach of contract had been raised" because Defendants had received two copies of Plaintiff's proposed amended complaint and were "fully aware of Plaintiff's intention to add a breach of contract action." Id. at ¶ 10.  These arguments are without merit, and Plaintiff's reliance on Local Rule 7.1(i), Rule 15 and Rule 60(b)(1) is misplaced.

Local Rule 7.1(i) allows a party to seek reconsideration of a court's decision if there are "matters or controlling decisions which counsel believes the Judge ... has overlooked." L. Civ. R. 7.1(i); see also Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F.Supp.2d 482, 507 n. 12 (D.N.J.2002).  Relief by way of a motion for reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." Interfaith Cmty. Org., 215 F.Supp.2d at 507.  A motion for such reconsideration must be filed "within 10 days after the entry of the order or judgment on the original motion." L. Civ. R. 7.1(i).  A timely motion for reconsideration may only be granted upon a finding of at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999). The Court will only grant such a motion if the matters overlooked might reasonably have resulted in a different conclusion.  Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 613 (D.N.J.2001).  It is improper on a motion for reconsideration to "ask the Court to rethink what it ha[s] already thought through-rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F.Supp. 1311, 1314 (D.N.J.1990) (citations omitted). Here, there is no basis for the Court to consider Plaintiff's Motion for Reconsideration under Local Rule 7.1(i).  Plaintiff does not point to any new evidence, nor has there been a change in controlling law in this context.  Moreover, Plaintiff does not raise any error

in the Court having granted summary judgment on the only claim in the Complaint, the § 1983 claim, that needs reconsideration. In fact, Plaintiff makes no argument regarding Rule 7.1(i), but only cites to the fact that Rule 7.1(i) governs motions for reconsideration within the District of New Jersey without additional argument.

Relief under Fed. R. Civ. P. 15 is similarly unavailable to Plaintiff. Rule 15 is provides that a party may amend her pleading "once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a). At all other times, "[t]he court should freely give leave when justice so requires." Id.; Foman v. Davis, 371 U.S. 178, 182 (1962). The decision to grant leave to amend is left within the discretion of the district court. United States v. Diversified Environmental Groups, Inc., 1990 U.S. Dist. LEXIS 17044, at *1 (E.D. Pa.1990) (citing Coventry U.S. Steel Corp., 856 F.2d 514, 518-521 (3d. Cir.1988)). However, the trial court's exercise of discretion under Rule 15 "must be tempered by considerations of prejudice to the non-moving party, for undue prejudice is "the touchstone for the denial of leave to amend." Heyl & Patterson Intern., Inc., v. F.D. Rich Housing, 663 F.2d 419, 425 (3d Cir. 1981).

Plaintiff's inclusion of Rule 15 in her Motion for Reconsideration is misplaced at this stage in the litigation[1]. Plaintiff's only reliance on Rule 15 is to point out that it provides the District Court with authority to grant leave to amend. However, Plaintiff has already been afforded the benefit of

---

[1] This is not a scenario wherein Plaintiff's claim was dismissed on a Rule 12(b)(6) motion to dismiss, and as such, the Court need not provide Plaintiff an opportunity to cure her allegations, or engage in a futility analysis of her breach of contract claim that was never pled in the Complaint. Cf Great Western Mining & Mineral Co. v. Fox Rothchild LLP, No. 09-3189, 2010 U.S. App. LEX IS 16210, at *41-45 (3d Cir. Aug. 5, 2010). Rather, Plaintiff's § 1983 claim was dismissed on summary judgment.

Rule 15 when the Magistrate Judge granted Plaintiff leave to amend her complaint, which Plaintiff subsequently failed to do. Application of Rule 15 at this point in the litigation is beyond the scope of the rule as judgment has already been entered in favor of Defendants. Granting Plaintiff relief pursuant to Rule 15 would be prejudicial to Defendants who succeeded on their Motion for Summary Judgment based on the sole claim raised in the Complaint at the time the Court decided their motion.

In that regard, Plaintiff's argument for reconsideration is based primarily upon her contention that her counsel's reasons for failing to amend the Complaint warrant relief from final judgment under Rule 60(b)(1). Rule 60(b)(1) provides that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for…: (1) mistake, inadvertence, surprise, or excusable neglect." Plaintiff contends that her counsel's failure to file the amended complaint constitutes excusable neglect under Rule 60(b)(1) because of counsel's involvement in a car accident near the time the Magistrate Judge granted leave to amend. Therefore, Plaintiff argues that she is entitled to relief from summary judgment.

In determining excusable neglect, the court engages in an equitable evaluation and is required to weigh the "totality of the circumstances." Nara v. Frank, 488 F.3d 187, 193-94 (3d Cir. 2007) (citing Welch & Forbes, Inc. v. Cendant Corp., 234 F.3d 166, 171 (3d Cir. 2000)). In doing so, the Court should consider "1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay-and whether it was within the movant's control; and 4) whether the movant acted in good faith." Id.; see also Pioneer Inv. Servs. v. Brunswick Assocs. LP, 507 U.S. 380 (1993).

Plaintiff's reliance on Rule 60(b)(1) is flawed. Plaintiff seeks relief from judgment on her § 1983 claim due to counsel's neglect in failing to file an amended complaint to include a breach of contract claim. There has been no judgment on Plaintiff's breach of contract claim as no claim

existed before judgment was entered, and does not exist now. Rather, Plaintiff seeks to remedy her failure of meeting the filing deadline set by the Magistrate Judge by asking this Court to reopen this case and to permit her to file the amended complaint post hoc, which is essentially seeking leave to proceed against Defendants in this closed litigation based on a new theory of recovery. Rule 60(b)(1) provides no basis for this kind of relief, and Plaintiff has offered no legitimate reason for granting such extraordinary relief. [2]

The facts surrounding Plaintiff's delay in filing her amended complaint do not amount to excusable neglect, and the totality of the circumstances weigh strongly against her. First, Defendants would be prejudiced if the Court were to grant Plaintiff's motion. Despite Plaintiff's arguments to the contrary, the fact that Defendants were aware of a possible breach of contract claim does not diminish the prejudice they would suffer if Plaintiff were allowed to file an amended complaint; Defendants fully litigated the present matter and prevailed on their Motion for Summary Judgment. It would be inequitable to relieve Plaintiff from that judgment when Defendants proceeded in their defense on the reasonable belief and expectation that Plaintiff would not attempt to reopen her case with a cause of action Plaintiff never pleaded formally.

Second, Plaintiff delayed approximately six months before attempting to remedy her failure to amend her Complaint. Most importantly, she waited until after judgment had been entered by this Court to do so. In that connection, counsel's car accident, while unfortunate, in no way excuses Plaintiff's lengthy delay and does not provide justification for the Court to relieve Plaintiff of final

---

[2]  Even if Plaintiff had asserted a state law breach of contract claim in her Complaint, this Court would have declined to exercise supplemental jurisdiction after Plaintiff's § 1983 claim was dismissed. To the extent Plaintiff asserts diversity jurisdiction because she is a citizen of Hawaii, the Complaint does not make clear that Plaintiff would have satisfied the amount in controversy requirement under 28 U.S.C. § 1332. In that regard, Plaintiff's contract claim would have been dismissed without prejudice in order for Plaintiff to pursue her cause of action in state court.

judgment at this later juncture. As Defendants point out, in their motion papers filed with the Court, they referenced Plaintiff's one-count § 1983 Complaint repeatedly. At the latest, during the time Plaintiff filed her opposition to Defendants' Motion, Plaintiff should have realized her failure to amend her Complaint and either referenced the prior motion to amend in her opposition, or checked the docket for the resolution of the motion which was months old. [3]An exercise of basic due diligence on the part of counsel would have lead him to discover the Magistrate Judge's Order which was available to him through the electronic filing system. The excuse that counsel forgot, or that the Order was clipped to another document, is simply not a reason, particularly at this stage in the litigation, for the Court to reopen this case and allow Plaintiff to file a new claim. Accordingly, there is no basis for the Court to reconsider its grant of Summary Judgment, or to allow Plaintiff to proceed on her breach of contract claim.

      For the reasons stated above, Plaintiff's Motion is DENIED.

DATED:  October 15, 2010                s/ Freda L. Wolfson
                                                Freda L. Wolfson, U.S.D.J.

---

[3] During motion practice, due to personal reasons of Plaintiff's counsel, Plaintiff requested substantial additional time to respond to Defendant's motion for summary judgment, which was granted by the Court.